36 F.3d 1093
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Richard SAMUELS, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-1196.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug, 25, 1994.
Decided: Sept. 19, 1994.
 
 On Petition for Review of an Order of the Immigration and Naturalization Service. (A37-086-344)
 Curtis L. Solomon, Washington, DC, for petitioner.
 Frank W. Hunger, Assistant Attorney General, Richard M. Evans, Assistant Director, Donald A. Couvillon, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for respondent.
 I.N.S.
 AFFIRMED
 Before RUSSELL and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Richard Samuels appeals from the decision of the Board of Immigration Appeals (Board) upholding the decision of the immigration judge, who concluded that Samuels had waived his right to apply for a section 212(c) waiver, 8 U.S.C.A. Sec. 1182(c) (West 1994). The immigration judge had extended Samuels's time for filing his application to March 17, 1992. Samuels filed his application on March 20, the day the judge rendered his opinion deeming the application abandoned. We affirm.
 
 
 2
 Samuels argues that he was entitled to three days as a mailing allowance, making his March 20 filing timely. The relevant regulation, 8 C.F.R. Sec. 3.31(c) (1993), refutes this contention. "The [i]mmigration [j]udge may set and extend time limits for the filing of applications.... If an application ... is not filed within the time set by the [i]mmigration [j]udge, the opportunity to file that application ... shall be deemed waived." Although 8 C.F.R. Sec. 3.38 (1993), and Sec. 103.5a (1993), allow three additional days for filings if service has been by mail, Sec. 3.31(c) makes no such provision.
 
 
 3
 The Board's interpretations and regulations are entitled to deference from this Court. De Osorio v. U.S. INS, 10 F.3d 1034, 1038 (4th Cir.1993). In the circumstances presented, we find that the Board did not abuse its discretion in excluding a three-day allowance for mailing under Sec. 3.31(c). See Liwanag v. INS, 872 F.2d 685, 687 (5th Cir.1989). Moreover, because the I.N.S. has complied with its own regulations and procedures, Samuels's procedural due process argument also fails.
 
 
 4
 Accordingly, we affirm the decision of the Board. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED